Good afternoon, my name is Larry Von Baca, I represent Faiupu Myers, who is the employee in this case. As Myers worked in a storefront check cashing store in Oroville, California. The store was probably half the size of this courtroom. And in the same building, there was supposedly a business run named Checksmart. But no customer entering that building could tell that Checksmart existed. Because all the badging of the store was California check cashing. My client had worked for California check cashing. If the district magistrate judge had taken account of what was going on in that facility, he would have recognized that there was no way that the complaint from the Fair Employment Housing Act and the complaint that went to that facility in the same building, with the same personnel, at the same address, with the same agent who was going to receive service. And the same attorney could not know that there was something amiss with this complaint in that it named California check cashing rather than Checksmart. And the question centers in your view on whether the defendant knew who the proper defendant was. Sure. Well, I think that's what the Creston court is demanding of us, is that we ask that question. Did the defendant know it? Did they know it? Is that where the district court went wrong? Well, the district court said it regarded a key issue in its decision. It said the key issue is when did the plaintiff know that Checksmart was or could be considered her employer? When did the defendant, when did the plaintiff know? And the Creston case asks the opposite question. In fact, they say that the reasonableness, by the way, the judge in this case added a standard and said that the mistake must not only be a mistake, but it has to be a reasonable mistake on the part of the plaintiff. And in the Creston case, the court said the reasonableness of the mistake is not an issue. But did the defendant know, and did they know it? And so your position is that the replacing back should have occurred with your client in terms of the amendment that was sought to bring Checksmart in? Certainly. Because if you look at the claim, the notice from the Fair Employment and Housing Act that asked me who was the agent for both of these companies was to the same address. And the notice had to be given to them. They had to know who their employee was. And she worked in that store. She was off on Thursday evening, even the time she was fired. But that's over. So your argument is that they knew enough about her potential claim for it to not be an injustice to have to deal with her claim? I would say they knew everything there was to know about her claim. At the time it was made, it was made to her, to them. They got served with it at that store. And they had the same attorney. I don't know how an attorney could not know part of what they should have when that commenced. Just to look at the prong, the third prong of Rule 15C, figure into our analysis that but for a mistake concerning identity, the action would have been frowned against the proper defendant. So don't we look at the plaintiff's knowledge to determine whether or not there was a mistake concerning the identity of the proper defendant? Right. And Kripsky addresses that as to what a mistake is and discusses the fact that but for the mistake, they would have known that they were the proper defendant. Well, so then using that prong, what would be the mistake in this case? Ms. Amy. It's just but for a mistake concerning identity. And was there evidence that Ms. Myers knew who her actual employer was and would that be consistent with the mistake? Well, the fact that it was a mistake does not eliminate the fact that we still ask the question and direct the question to the defendant as to when did they know that they were the proper persons. And they knew when they got the Fair Employment and Housing Act. That was the evidence. Is regarding the question regarding whether or not there was a mistake on the part of the plaintiff? Well, I think that's what the district court judge decided is that it wasn't a mistake that she had made an election. But even in Kripsky, they do address the fact that even if you elect for one reason or another to sue the wrong entity, but you know both entities were there. And in Kripsky, the name of the proper defendant was on the ticket, the steamship ticket that this lady bought. And it was in plain view, but they chose to sue the cruise company rather than the Italian cruise company. And that was perhaps an election. They made a choice, but that can still be a mistake as Kripsky discusses. Thank you. And reading over the briefs, I'm trying to remember, was there the same HR or human resources person for Check Smart and California Check Cashing? Yes, that was Ashley who my client was in communication with. And I don't have much more to discuss on this because I'll reserve my time if anything comes to mind. Thank you, Catherine. You're from the court. Moving on. Thank you. I'm Catherine Campos from Check Smart Financial, LLC. This is a case where an employee disappeared for two months. Failed to communicate with Check Smart. She was sent three letters from Check Smart. She never responded to any of those letters and said she was terminated for job advancement. When she came back, when she showed up, Check Smart offered her job back. So Check Smart has done all the right things in this particular case with respect to how they treated this client. And, you know, from reading over the case, she was pregnant, and there were some steps that were taken to try to help her out in terms of the procedural process. And I think Check Smart could have done more to help her out in terms of making sure that she didn't lose her job during this pregnancy period. They did face interest to receive five letters. Did she acknowledge receiving in her deposition? She acknowledged receiving all three letters. All three letters said, please provide us with medical certification, justify your absence, and if you don't, you run the risk of being terminated. But had she communicated with someone, like, verbally about her situation, being pregnant, and someone with either Check Smart or California check cashing? That's not sufficient with respect to the documentation that was sent. It's clear under several cases that if an employee does not communicate with their employer, it's a completely legitimate business reason to enforce their leave of absence policy. So we don't even get to that point unless the plaintiff can clear this procedural hurdle. So what do you do with the language? The Kroposky method focuses generally on whether the defendant should have known that the defendant was the proper person to answer. Okay, Kroposky is a completely different fact pattern. Kroposky involved a plaintiff who understandably was confused. She had a cruise line ticket that had company A on one side and company B on the other side. That's confusing. With this case, our case, every single piece of document that the plaintiff received that related to her employment had the word Check Smart. But isn't that the wrong question? The Supreme Court says the relationship back under Rule 15c.1c depends on what the party, to be added, knew or should have known, not on the offending party's knowledge. How do you deal with that language? That is correct, and we're fine with that. The issue here is whether or not there was a mistake in the evidence in the record right now. Now what is the state of the record regarding what the Check Smart knew or should have known about whether or not it was a proper defective? It hasn't really been articulated what Check Smart knew. It's not in the record as to what Check Smart knew at the time. Or should have known. Or should have known. That evidence is not in the record. We do not oppose anyone from Check Smart to produce any evidence on the issue. What we do have, though, is a question that was raised earlier, which was do we have a mistake here? Does 15c even apply? And plaintiff unambiguously testified that she knew that the person who termed the company that terminated her was Check Smart. She received three letters from Check Smart. She received only two from Check Smart. She had an acknowledgment of her state from Check Smart. The only time she became confused was after our motion presuming judgment. It was after the motion presuming judgment that she submitted documentation saying that she was confused. But if you look at the record, SCR 155, why don't you understand that I don't understand? I mean, that isn't a mistake. If you don't make a mistake, if it isn't a mistake to name somebody, then when you had reason to know that you shouldn't name somebody else, I don't know what a mistake is. The mistake is counsel made a mistake. Plaintiff was clearly aware of who her employer was. Rule 15c is an equitable remedy to correct mistakes and balance the right of the defendant to rely on the statute of limitations with the right of a plaintiff to have her case heard on the merits. That's not what we have here. We don't have a plaintiff making a mistake. We have counsel making a mistake. If plaintiff's counsel had done what I did, which was to post the plaintiff and say, isn't it true you were terminated by Check Smart, not California Check Cash Resource, then we would have had, and plaintiff said, yes, that's it, that's who I was terminated. I used the defendant who knows that the defendant had the wrong name on the complaint. If you can sit back until the statute of limitations runs and then say, ah-ha, you sued the wrong person, then there's nothing she can do about it because there's nothing to show that she can do something about it. She has a remedy, and it's her own attorney for malpractice. But the IndyMac decision, look at the IndyMac decision there. Merrill Lynch was identified in the complaint, and Merrill Lynch did not have to raise his hand to the plaintiff and say, please sue me. So there's no obligation on behalf of Check Smart to her employee. Everybody knew that she was suing the employer. And she knew who her employer was. She knew exactly who her employer was, and that's how she testified. So what we will, if at any point in time... But did the employer know that it was her employer? It's not, plaintiff did not depose Check Smart. That's not in the record. But we do have some judicial admission by the plaintiff saying, I knew I was being terminated by Check Smart. Is there evidence in the record that checks were issued by both companies or there was some connection between the companies? There's nothing in the record that shows that there was a connection between these two companies. The paychecks. If you look at her paychecks, it says Check Smart. There is evidence in the record that... There's evidence in the record that Check Smart, California Check Cashier, are not alter egos. They're not TPAs. They're not parent subsidiaries. They share a distant, remote parent. But we have a situation here where the plaintiff was not mistaken, and that's what Judge Ellison ordered in the district opinion Judge Ellison specifically held, that there was no mistake of identity. And if you don't have a mistake of identity, then you don't trigger Rule 15c. And if you look at the equities here, we're talking about Check Smart being sued five years later. I mean, I know it's uncomfortable having a situation where, you know, plaintiff appears to not be able to pursue her claims based on a technicality. But at the end of the day, I deposed plaintiff. She was clear during her deposition who terminated her. Plaintiff's counsel is under Rule 11 sanctions. He has due diligence to review his own client's document protection, interview his own client, and find out who the true employer is. He was confused. Plaintiff was not confused. And that's how you distinguish a crime scheme. Once counsel found out that California J.K. Sheehan wasn't the crime or defendant, then he timely sought the amendment. Isn't that correct? He, by the time he sought the, actually, by the time he filed his lawsuit, the statute limitations to exhaust the DFEH had been exhausted. So, in other words, plaintiff's DFEH-based claims have not been properly exhausted because by the time he originally filed the original lawsuit against California J.K. Sheehan, the time in which he should have filed his charge of discrimination with the DFEH had already expired. So, he don't even. Isn't it true that California J.K. Sheehan said absolutely nothing about him not being the true defendant in the case until the statute had run? And only then did they say, I'm not the proper defendant. Check Smart is the proper defendant. When a case is filed, defendants typically don't know really what the case is really about. I mean, plaintiff's counsel is in the best position to assess who the appropriate defendants are. She could have been suing for discrimination based on the first pregnancy. We don't know. She had two pregnancies. She had one pregnancy under California J.K. Sheehan's course, and she had a second pregnancy under Check Smart. So, we don't know. Are there a lot of cases, though, where as soon as the case is filed, a defendant who's not the true defendant immediately tells the plaintiff, look, I'm not the right person. You need to sue X. And in this case, that didn't happen. In this case, the defendant waited until the statute had expired before they said anything about who the true defendant should be. The statute had already expired with respect to the DMPH claims by the time plaintiff filed the original lawsuit. I don't believe it's – I have an obligation to my client to provide the best defense possible. Just in the Indyman case, Merrill Lynch did not raise his hand and say, please sue us. The court specifically said the defendant was entitled to rely on reading the complaint and to believe that plaintiff deliberately chose to sue someone else. Was there evidence in the record that Check Smart in California J.K. She had a common parent company? That is in the record. They have a common distant parent. I'm sorry? They have a common distant parent. It's true or not? They have a common parent. And also, this is in the record. You had Ben B. Eugen. They had the same agent who served as email for you? Yes. And also, were they represented by the same attorney? Yes, they were represented by me. And you represented both Check Smart and California J.K. I did, but these facts are not relevant to 15C. 15C, if you go back to Judge Tellison, you go back to Klebski, there has to be a mistake of identity. If you read Rule 15, If it's relevant to whether a correct defendant knew or should have known that the aim was for the lawsuit to be held, is it? That is one problem under 15C. But we also have but for a mistake of the party to be added, knew that they were going to be added but for a mistake. The Supreme Court says we should focus on what the defendant knew or should have known. The Supreme Court was addressing a situation where the defendant was trying to get out on a technicality because they were trying to argue that there was no mistake and that the plaintiff had made a deliberate choice to sue one of the entities on the side of it. So, in the end, it was not trying to get out on a technicality? Are we trying to get out on a technicality? No. Like I was saying in the very beginning, we have done everything right by this plaintiff. She did not appear for work. She disappeared for several months. We sent her a letter saying, please advise, be aware of health, please provide medical certification and went in. It doesn't go to the merits? It does go to the merits. And so, if for some reason you can't decide on the Rule 15C aspect, we go to the merits. Why would we have to go back to the district court and have to relitigate it? This is exactly what prejudice is all about. Policy is for cases to be decided among the merits. Policy can't underline the premise of the judicial system for cases to be decided among the merits. And balancing that with the right of the defendant to rely on the statute of limitations, the Rule 15C does not say that there's an exception when the plaintiff's counsel has made a mistake of identity with respect to who the proper defendant is. This is a situation where any reasonable attorney reviewing the plaintiff's own documents would see checks on who is the appropriate defendant. This is a situation where 15C should not be invoked to protect an attorney from potentially legal malpractice claims. If you're going to move the goalpost in Kremski to when the plaintiff's counsel made a mistake, then why do we even bother having the statute of limitations? That's what Rule 15C is about. It's not just deciding cases on the merits. It's also allowing a defendant to rely on the statute of limitations defense. As I had mentioned, by the time the plaintiff filed his original lawsuit, the DFVH charge against either him, against Chexmark, had come and gone. So this would also be an unusual case where you would be expanding the jurisprudence with respect to exhaustion. If you're going to allow a California internet caching source, DFVH in point two detailed throughout, which is exhausting, they would have cited remedies against Chexmark. They're two different entities, as I mentioned. So I think it's much more complicated. Yeah, and there's two different entities. And that's a problem because, you know, like I said earlier, a lot of times lawyers who write out of the box will tell the other side, you don't have a case and I'm not the right defendant, to file a 12B6 motion to dismiss right in the beginning and answer to the complaint and let me out of the case. And that could have happened here, but instead it looked like a deliberate attempt to draw the case out so the statute didn't run. And not only get check caching out of the case, but to get Chexmark out of the case too. I mean, and as my colleagues have said, you know, the Supreme Court says, look into what the defendant either knew or should have known. And the facts here suggest that Chexmark should have known that they were the real defendant in the case. Or at least the district court didn't decide that question. The district court said she should have known. And that doesn't seem to be the proper standard. I don't believe that's what the district court held. The district court did not say she should have known. The district court relied on her judicial admission and her deposition. She said she knew who it was and that's why it's hard to get around it. That's what the district court opinion says. She should have put their other name on there. Her attorney should have spoken to her and said, who's the appropriate defendant? And the judge said, the attorney gets your speed. You know, we want what you believe in. You know, what it seems like. The ad oral argument from what I understand, the judge was concerned about that particular issue. And, you know, nobody likes to point the finger at counsel. And so that's why I don't think it was arranged in detail that one year before the Ninth Circuit, and you're getting the best shot at this argument, we're going to go forward. But it is. Did the magistrate judge even address what the defendant knew or should have known? Or did you seem like it came across as an issue to the magistrate judge? No. The district court focused on Rule 15c, which was the plaintiff mistaken in identity because there are a whole host of cases that are cited in the brief that relate to when does 15c apply and when does not apply. And there's cases where there was a mistake of identity with respect to a cruise ship ticket. And then there's the Indy map case where there was no mistake. And that, you know, that's what the district court focused on in this case, was that there was, in the absence of a mistake, Rule 15c would not be triggered. And we believe under this set of facts, especially, at the very least, I think we should go back and look at the charges of discrimination. There is no relation back doctrine for charges of discrimination. So, at the very least, the fourth cause of action for violation of the Fair Employment and Housing Act is time hard because there's no 15c for a charge of discrimination. Plaintiff's fourth cause of action against Jack Smart, even if you apply the relation back, would not allow that cause of action to survive. Also, is it your position then that the plaintiff is intentionally electing to sue the wrong defendant? I think the plaintiff knew very well who her defendant was. She was told, if you look at her own declaration, the plaintiff was saying that she intentionally elected to sue the wrong defendant. I think she relied on her attorney to sue whomever the attorney thought it was. But we have a situation where plaintiff, in her own declaration, subpoenaed in opposition to the motion for semi-judgment. She said, I knew my employer was changing from California check cashing to Jack Smart. I knew I was terminated by Jack Smart. So we don't have a mistake by plaintiff. We have a mistake by plaintiff's counsel. Yes. Okay, thank you. The argument about her disappearing for two months totally ignores the fact that this was an incorrect decision. It wasn't a typical, I don't know, whether you're sick or whether you're gone on a holiday kind of thing. Everyone in the plaintiff knew she was pregnant, and she went on pregnancy leave. So that's not a mystery, and I don't think that makes much sense. The question in court makes very clear to the argument in counsel eight. It says, we disagree, however, with Respondent's position that any time a plaintiff is aware of the existence of due parties and chooses to sue the wrong one, the proper defendant could reasonably believe the plaintiff made no mistake. The reasonableness of the mistake is not itself an issue. It's noted a plaintiff might know that the prospective defendant exists, but nonetheless, harboring a misunderstanding about his stance, might mistakenly sue the wrong one. And it says that kind of deliberate but mistaken choice does not foreclose finding that Rule 15C blunts he has been satisfied. And Krupsky also addresses the reclose issue, which we discussed with counsel. And then counsel gets in reclose wait for the statute with the knowledge that the wrong party's been sued, and who I know who the party is. I'm sitting here waiting. There's special response to a policy counsel's observation that even if Rule 15C applies, it doesn't salvage the complaint under the DFUH. Right. The DFUH, I've looked at that for a long time in my career, and never liked it. But it requires that we get a right to sue letter, and we have to name people who are going to be served. In this case, if you got the right name in the body of the claimant or the complaint, that may suffice. And even if you didn't put it in the address, in this case, the address went to the badge store, California Check Cashing. That's the only name on the store. The mailman wouldn't have digged it. They already had a wrong address on it. But the name Ashley was there. Ashley was the agent, and it was directed at Ashley. So I think we have a very good argument on that issue as to whether or not Ashley was served with notice, and Ashley knew she had been the one who sent the notice of termination. Any other questions? If there's none, thank you, counsel. Thank you. Thank you, all of you. This has been a very important scene at the court. Thank you very much. Thank you. Thank you.
judges: Schroeder, Rawlinson, Drain